JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARION MUCAJ, <u>et</u> <u>al.</u>,<br><br>    Plaintiffs,<br><br>    v.<br><br>IMMIGRANT INVESTOR PROGRAM OFFICE, <u>et</u> <u>al.</u>,<br><br>    Defendants. | Case No. CV 25-11978-FMO (MBKx)<br><br>**ORDER RE: DISMISSAL WITHOUT PREJUDICE** |

The court has reviewed and considered the parties' Joint Stipulation to Extend Time to Respond to Complaint ("Stipulation").  The parties request an extension of time "because the agency is actively working to resolve this case, and further administrative processing is required in that regard." (Dkt. 8, Stipulation at 2).  Respondents' counsel indicates that the "I-526E Petition was assigned to the relevant USCIS personnel for review and administrative processing," and "USCIS anticipates taking adjudicative action on the pending I-526E Petition in the next 60 days." (Dkt. 8-1, Declaration of Haena Lee ("Lee Decl.") at ¶¶ 4, 7).  Notably, adjudication of the I-526E form constitutes a key part of the relief sought through plaintiffs' Complaint.  (<u>See</u> Dkt. 1, Complaint, Prayer at 28).

In the court's experience with numerous similar requests in recent mandamus actions challenging similar delays, the assignment of a case to relevant agency personnel and the commitment to timely adjudicate the pending application generally leads to the resolution of the

parties' dispute without the need for further intervention by the court. However, staying or prolonging cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports or delayed pleadings or motions. It also increases the burden on the parties to prepare further filings, seek further extensions, or seek dismissal of a stayed case upon resolution of the matter. It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further court intervention becomes necessary. The court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future action if this matter resolves without the need for further court intervention.

Based on the foregoing, IT IS ORDERED THAT this action is **dismissed without prejudice** to any party seeking to vacate this Order and reopen the action nunc pro tunc in the event that plaintiffs are unable to receive a determination in the time contemplated by the parties. Dated this 13th day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge
